UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIELA JACOB

      Plaintiff,

v.                              Case No: 2:13-cv-220-FtM-29DNF

SETERUS, INC.,

      Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant Seterus, Inc.'s Motion to Dismiss the Amended Complaint (Doc. #48) filed on September 6, 2013.  Plaintiff Daniela Jacob filed a Response (Doc. #50) on September 20, 2013.  Defendants Equifax Information Services, LLC and TransUnion, LLC, and Experian Information Solutions, Inc. were dismissed pursuant to stipulations of dismissal.  (Docs. ## 45, 54, 63.)  Therefore, Seterus, Inc. is the only remaining defendant.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**II.**

Taking all the allegations in the First Amended Complaint (Doc. #42) as true, plaintiff Daniela Jacob (plaintiff or Jacob) is a consumer a defined under the Fair Credit Reporting Act (FCRA). Defendant Seterus, Inc. (defendant or Seterus) furnishes information to consumer reporting agencies as provided in the FCRA.

On or about October 29, 2007, Plaintiff sought bankruptcy protection under Chapter 13 of the Bankruptcy Code. In Schedule D, Chase Manhattan Mortgage (Chase), predecessor to Chase Home Finance, LLC, was listed as a creditor on a mortgage on a residential property on Whispering Willow Way. Plaintiff's Chapter 13 Plan provided for monthly payments to Chase for the length of the plan. Plaintiff later decided to surrender the property and include the debt in bankruptcy. On or about March 31, 2009, the Chapter 13 Plan was completed and plaintiff was granted a discharge. As a result, plaintiff's obligation to repay the mortgage was discharged.

On or about August 19, 2010, Chase filed a Transfer of Claim which transferred its interest in the mortgage to IBM, now known as Seterus, Inc., the current defendant.

On or about October 13, 2011, plaintiff requested her credit report and found that a debt to defendant was listed as late, with a remaining balance, and was reflected as "potentially negative" or "negative" by credit reporting agencies. Plaintiff sent the

credit reporting agencies a letter disputing the entry, but the entry was not corrected or removed.  Seterus received notice of the dispute from the credit reporting agencies, and as of January 2013, the debt remained on plaintiff's report.  Attached to the First Amended Complaint are the Chapter 13 Petition reflecting plaintiff's residence at the home on Whispering Willow Way, Schedule D listing the Chase mortgage loan on Whispering Willow Way, the Chapter 13 Plan providing for regular monthly payments to Chase, the Discharge of Debtor After Completion of Chapter 13 Plan issued in the Chapter 13 case, the Transfer of Claim from Chase, the credit reports and letters to the credit reporting agencies, the responses from the credit reporting agencies stating that the information was correctly reported, and the denial of a credit application as a result of the negative reporting.

In Count IV, the remaining count, plaintiff alleges that her obligation to repay Seterus on the mortgage loan was discharged in the bankruptcy case.  Plaintiff alleges that Seterus knew or should have known the mortgage was discharged yet it continued to furnish derogatory information, and that its reinvestigation was not conducted in good faith.  Plaintiff seeks damages and attorney's fees under the FCRA.

Defendant argues that plaintiff cannot state a claim because the mortgage was not discharged, and therefore Seterus was entitled to engage in post-bankruptcy credit reporting.  The First Amended

4

Complaint specifically alleges that the property was surrendered, the debt included in the bankruptcy, the Plan completed, and that plaintiff's obligation to pay the mortgage was discharged. These allegations, taken as true, are sufficient to state a plausible claim against Seterus, and the exhibits do not contradict plaintiff's claim.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss the Amended Complaint (Doc. #48) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of January, 2014.

*[signature: John E. Steele]*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record