UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIELA JACOB,

       Plaintiff,

v.                      Case No: 2:13-cv-220-FtM-29DNF

SETERUS, INC.,

       Defendant.

_____

### OPINION AND ORDER

This matter comes before the Court on review of the parties' cross-motions for summary judgment: Plaintiff's Motion for Partial Summary Judgment (Doc. #73) and defendant's Motion for Summary Judgment (Doc. #74). Plaintiff Daniela Jacob (plaintiff or Jacob) filed a Response to Defendant Seterus, Inc.'s Motion for Summary Judgment (Doc. #77) and defendant Seterus, Inc. (defendant or Seterus) filed a Response in Opposition to Plaintiff's Motion for Partial Summary Judgment (Doc. #78). Defendant Seterus is the only remaining defendant and Count IV of the First Amended Complaint (Doc. #42), which alleges violations of the Fair Credit Reporting Act (FCRA), is the only remaining count at issue.

The Court initially took the motions under advisement and cancelled trial because the material facts appeared to be undisputed, and the parties advised that the only legal issue was whether plaintiff's mortgage debt was discharged in bankruptcy.

(Doc. #76.)  Upon further review, the Court finds that the issue briefed by the parties is not relevant to the ultimate issue.

### I.   Standard of Review

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party."  Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010).  A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party.  Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010).  However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983) (finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")).  "If a reasonable fact finder

evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

## II.  Relevant Facts

The parties do not address any facts relevant to the FCRA claim, and therefore the relevant facts are summarized herein from the First Amended Complaint.  On March 20, 2013, plaintiff her initial Verified Complaint (Doc. #1) against defendant and three credit reporting agencies under the Fair Credit Reporting Act (FCRA).  The three credit reporting agencies were subsequently dismissed.  In Count IV of the First Amended Complaint (Doc. #42), plaintiff alleges that Seterus, a furnisher of information to credit reporting agencies, willfully and/or negligently violated Section 1681s-2(b) of the FCRA.

Plaintiff alleges that on or about October 13, 2011, plaintiff requested a copy of her credit report from TransUnion, Experian, and Equifax.  Each report showed a debt owed to Seterus as late and with an outstanding balance in excess of $400,000.  TransUnion classified plaintiff's account as "derogatory"; Experian classified plaintiff's account as "potentially negative"; and Equifax classified plaintiff's account as "negative." (Doc. #42, ¶¶ 32-34.)  On November 19, 2011, plaintiff sent a letter to each of the three credit reporting agencies disputing the Seterus loan.

(Id., ¶ 34.)  Plaintiff received a response from two of the three credit reporting agencies indicating that they conducted an investigation but no corrections or changes were made.  Seterus admits that it received notice of plaintiff's dispute from each of the three credit reporting agencies.  (Doc. #42, ¶ 39; Doc. #71, ¶ 39.)

As of January 2013, the credit reporting agencies were still reporting the Seterus debt.  Plaintiff alleges that Seterus knew or should have known that plaintiff's obligation to repay the mortgage loan had been discharged in bankruptcy.  Plaintiff further alleges that even after the reinvestigation, Seterus continued to report the credit information without notifying the credit agencies that the debt was disputed.  Plaintiff alleges that reporting the credit information with actual knowledge of errors and while consciously avoiding knowing it was inaccurate, despite notice by plaintiff of the inaccuracy.  Plaintiff alleges that the reinvestigation was not in good faith and unreasonably conducted.  Plaintiff seeks actual damages under both 15 U.S.C. §§ 1681o and 1681n.

### III. The FCRA

Under Title 15, United States Code, Section 1681s-2(a), a furnisher of information has certain duties to provide accurate information, and is prohibited from reporting information with actual knowledge of errors or reporting information after notice

4

and confirmation of errors.   15 U.S.C. § 1681s-2(a)(1).   A furnisher of information is required to correct and update furnished information, provide notice of a dispute to reporting agencies, provide notice of closed and delinquent accounts, and to notify the consumer in writing if furnishing negative information. 15 U.S.C. § 1681s-2(a)(2)-(5), (7).   No private cause of action is permitted for any of these duties enumerated under subsection (a). Peart v. Shippie, 345 F. App'x 384, 386 (11th Cir. 2009) (citing 15 U.S.C. 1681s-2(c)).   Therefore, the allegations that the debt information was inaccurate is not actionable.

Under Title 15, United States Code, Section 1681s-2(b), upon notice of a dispute with regard to the completeness or accuracy of information provided to a consumer reporting agency, the furnisher shall:

**(A)** conduct an investigation with respect to the disputed information;

**(B)** review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

**(C)** report the results of the investigation to the consumer reporting agency;

**(D)** if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

**(E)** if an item of information disputed by a consumer is found to be inaccurate or

> incomplete or cannot be verified after any
> reinvestigation under paragraph (1), for
> purposes of reporting to a consumer reporting
> agency only, as appropriate, based on the
> results of the reinvestigation promptly--
>
> > **(i)** modify that item of information;
> >
> > **(ii)** delete that item of information; or
> >
> > **(iii)** permanently block the reporting of
> > that item of information.

15 U.S.C. § 1681s-2(b)(1). A private cause of action does lie for both a willful or negligent failure to investigate, <u>see</u> 15 U.S.C. §§ 1681n and 1681o, however "only if the furnisher received notice of the consumer's dispute from a consumer reporting agency." <u>Peart v. Shippie</u>, 345 F. App'x 384, 386 (11th Cir. 2009). In this case, Seterus admitted that it received notice from the three credit reporting agencies, and plaintiff alleges that an investigation and reinvestigation occurred.

Plaintiff alleges that the investigation was inadequate or not conducted in good faith. The summary judgment motions fail to address any undisputed and <u>material</u> facts to this ultimate issue.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Partial Summary Judgment (Doc. #73) is **DENIED.**

2. Defendant's Motion for Summary Judgment (Doc. #74) is **DENIED.**

3. The following new deadlines shall apply to the case:

| | |
|---|---|
| Meeting in person to prepare Joint Final Pretrial Statement | September 12, 2014 |
| Joint Final Pretrial Statement (including a single set of jury instructions and Verdict form, voir dire questions, witness lists, and exhibit lists) | September 19, 2014 |
| All other motions, including motions *in limine* and trial briefs | September 29, 2014 |
| Final Pretrial Conference | October 20, 2014, at 9:00 am |
| Trial Term (Jury; 3 days) | November 3, 2014 |

**DONE AND ORDERED** at Fort Myers, Florida, this ___21st___ day of August, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record